COWAN v BLUE CROSS AND BLUE SHIELD OF MICHIGAN

Docket No. 97506. Submitted December 15, 1987, at Detroit. Decided
      February 17, 1988.

> Blue Cross and Blue Shield of Michigan is subject to the Non-
> profit Health Care Corporation Reform Act (NHCCRA). NHCCRA
> was amended by the Prudent Purchaser Act (PPA), which autho-
> rizes health care organizations to enter into prudent purchaser
> agreements with health care providers and regulates the terms
> of such agreements. BCBSM created a health care package,
> known as TRUST, which excludes coverage for nonemergency
> spinal adjustments except when performed under general anes-
> thesia. Chiropractors are legally prohibited from administering
> anesthesia, so the effect is to deny participating TRUST chiro-
> practors reimbursement for almost all nonemergency services.
> The only services for which chiropractors may seek reimburse-
> ment under TRUST are x-rays and emergency manipulations.
> John Cowan, D.C., and others filed suit against BCBSM in
> Oakland Circuit Court seeking an order compelling BCBSM to
> comply with its enabling act (NHCCRA) and the recently enacted
> Prudent Purchaser Agreement package of statutes. Plaintiffs
> claim that BCBSM has not taken the steps mandated by the
> Legislature to notify and then include chiropractors within the
> PPA panels and that BCBSM has not complied with the legisla-
> tive mandate that it include chiropractic health care services as
> benefits in its PPA certificate and riders. The injunctive relief
> sought would bar BCBSM from failing to provide payment or
> reimbursement for the provision of services provided in any
> BCBSM certificate to a chiropractor rendering such service pro-
> vided the service was legally performed and from failing to
> include within the covered services provided in BCBSM TRUST

REFERENCES

Am Jur 2d, Insurance § 1495.

Podiatry or chiropody statutes: validity, construction, and applica-
      tion. 45 ALR4th 888.

Scope of practice of chiropractic. 16 ALR4th 58.

Coverage and exclusions under hospital or medical service (Blue
      Cross-Blue Shield) contracts. 81 ALR2d 927.

See also the annotations in the Index to Annotations under Insur-
      ance.

program certificates and riders chiropractic services, including the adjustment of the spine. The court, Hilda R. Gage, J., granted summary disposition in favor of BCBSM, finding that the BCBSM Prudent Purchaser Agreements fully complied with both the NHCCRA and the PPA and were consistent with prior appellate authority permitting limitation of benefits in BCBSM contracts. Plaintiffs appealed.

The Court of Appeals *held:*

1. The language of the NHCCRA evidences a legislative intention to commit the scope of covered therapeutic services to the contracting parties, at the expense of both the doctor-patient relationship and the patient's freedom of choice. Where a given medical benefit is not mandated by the statute, its exclusion does not implicate doctor-patient relationship or patient choice concerns cognizable under BCBSM's enabling laws.

2. BCBSM's TRUST exclusions significantly curtail the scope of covered chiropractic services. However, the TRUST package does provide for payment for x-rays and emergency chiropractic adjustments. So long as the TRUST package makes these de minimis concessions to chiropractic and limits its coverage provisions so as not to reimburse other classes of physicians for procedures which chiropractors are licensed to perform, plaintiffs have no discrimination claim under the NHCCRA.

3. To the extent that the TRUST package discriminates against chiropractors, it does so at the sufferance of the Legislature. Plaintiffs' remedy therefore lies in the Legislature or in the marketplace.

Affirmed.

INSURANCE — HEALTH — CHIROPRACTORS — EXCLUSION OF NONEMERGENCY CHIROPRACTIC SERVICES.

A Blue Cross and Blue Shield of Michigan health insurance package which excludes coverage for nonemergency spinal adjustments except when performed under general anesthesia, thereby effectively denying chiropractors, who are legally prohibited from administering anesthesia, reimbursement for all nonemergency services except the taking of x-rays, does not discriminate against chiropractors where the health insurance package does provide for payment for x-rays and emergency chiropractic adjustments and limits its coverage provisions so as not to reimburse other classes of physicians for procedures which chiropractors are licensed to perform; under these circumstances, the health insurance package violates neither the Nonprofit Health Care Corporation Reform Act nor the Prudent Purchaser Act (MCL 550.1101 *et seq.*; 550.51 *et seq.*; MSA 24.660[101] *et seq.*, 24.650[51] *et seq.*).

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *Donald R. Epstein, Marc A. Goldman* and *Patrick Burkott*), for plaintiffs.

*Lisa Sewell DeMoss,* for defendant.

Before: D. F. Walsh, P.J., and G. R. McDonald and P. Nicolich,* JJ.

Per Curiam. Plaintiffs are chiropractors; Blue Cross and Blue Shield of Michigan is a creature of the Nonprofit Health Care Corporation Reform Act (nhccra), 1980 PA 350, MCL 550.1101 *et seq.*; MSA 24.660(101) *et seq.* That act was amended by the Prudent Purchaser Act (ppa), 1984 PA 233, MCL 550.51 *et seq.*; MSA 24.650(51) *et seq.* Ppa § 3 authorizes health care organizations to enter into "prudent purchaser agreements" with health care providers and regulates the terms of such agreements. The Responsible Use System of Treatment (trust) is a creature of the insurance company and is a health insurance package. Trust excludes coverage for nonemergency spinal adjustments except when performed under general anesthesia. Chiropractors are legally prohibited from administering anesthesia, so the effect is to deny participating trust chiropractors reimbursement for almost all nonemergency services. The only services for which chiropractors may seek reimbursement under trust are x-rays and emergency manipulations.

The Oakland Circuit Court granted summary disposition to defendant. We affirm.

Plaintiffs appeal as of right the authorization of bcbsm under nhccra and the ppa to exclude nonemergency spinal adjustments under its health

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

care package and to refuse to reimburse for chiropractic services.

It is undisputed that defendant's TRUST excludes from coverage the bulk of chiropractic services. The question is whether defendant may so truncate the scope of reimbursable practice engaged in by a class of health providers entitled to participate in defendant's provider panels without running afoul of the patient choice and antidiscrimination provisions of 1984 PA 230. MCL 550.1502a; MSA 24.660[502a]. This Court concludes that it may.

### A. PATIENT CHOICE

Section 502(3) of the NHCCRA states:

A health care corporation shall not restrict the methods of diagnosis or treatment of professional health care providers who treat members. Except as otherwise provided in section 502a, each member of the health care corporation shall at all times have a choice of professional health care providers. This subsection shall not apply to limitations in benefits contained in certificates, to the reimbursement provisions of a provider contract or reimbursement arrangement, nor to standards set by the corporation for all contracting providers. A health care corporation may refuse to reimburse a health care provider for health care services which are overutilized, including those services rendered, ordered, or prescribed to an extent which is greater than reasonably necessary. [MCL 550.1502(3); MSA 24.660(502)(3).]

To a great extent, the third sentence of § 502(3) takes away what the first purports to grant and commits the scope of defendant's coverage obligations to the hands of the contracting parties.

This language evidences a legislative intention

to commit the scope of covered therapeutic services to the contracting parties, at the expense of both the doctor-patient relationship and the patient's freedom of choice. Where a given medical benefit is not mandated by the statute, its exclusion does not implicate doctor-patient relationship or patient choice concerns cognizable under defendant's enabling laws.

### B. DISCRIMINATION

There is no real dispute concerning defendant's compliance with its statutory obligation to include chiropractors on its TRUST panels. The only question is whether defendant's exclusion of most chiropractic services in its TRUST package constitutes "discrimination" within the intendment of the PPA, notwithstanding the inclusion of chiropractors on TRUST provider panels.

Defendant's TRUST exclusions significantly curtail the scope of covered chiropractic services. Despite defendant's essential function as an insurer of health benefits, its TRUST package is carefully crafted to exclude practically all chiropractic therapy.

Plaintiffs compare defendant's TRUST to a group health care package which is required by law to include dentists in its provider group, but refuses coverage for all dental work. This analogy is only slightly hyperbolic. In fact, TRUST's provision for payment for x-rays and emergency chiropractic adjustments saves the panel membership provisions from utter negation. Nevertheless, so long as TRUST makes these de minimis concessions to chiropractic and limits its coverage provisions so as not to reimburse other classes of physicians for procedures which chiropractors are licensed to perform, plaintiffs have no discrimination claim under the PPA.

To the extent that TRUST discriminates against chiropractors, it does so at the sufferance of the Legislature. In the absence of any apparent constitutional basis for review, the order appealed from must be affirmed. The statute controls. As the circuit judge observed, plaintiffs' remedy lies either in the Legislature or in the marketplace. In the instant case, defendant must prevail as a matter of law.

Affirmed.